**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

UNILOC 2017 LLC

      Plaintiff,

vs.                                  Case No. 2:18-cv-00514

AT&T MOBILITY LLC, and             Jury Trial Demanded
AT&T SERVICES, INC.,

      Defendants.
_____/


**<u>ERICSSON INC.'S MOTION TO INTERVENE AS A DEFENDANT</u>**

i

## TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL BACKGROUND.....................................................................................2

    A.      THE NATURE AND STATE OF PROCEEDINGS ....................................................2

    B.      UNILOC ASSERTS INFRINGEMENT OF ACCUSED PRODUCTS THAT ARE DESIGNED, MANUFACTURED, MARKETED AND SOLD BY ERICSSON ....................................3

III.    LEGAL STANDARD.................................................................................................3

IV.     ARGUMENT .............................................................................................................5

    A.      ERICSSON HAS A RIGHT TO INTERVENE PURSUANT TO RULE 24(A)(2)............5

        1.      Ericsson's Motion to Intervene is Timely.................................................5

        2.      Ericsson Has a Significant Interest in This Lawsuit ...................................7

        3.      Disposition of this Action May Impair Ericsson's Ability to Protect Its Interests ......8

        4.      AT&T Cannot Adequately Represent Ericsson's Interests.........................10

    B.      IN THE ALTERNATIVE, ERICSSON SHOULD BE PERMITTED TO INTERVENE....................11

V.      CONCLUSION..........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989).................................................................7

*City of Houston v. Am. Traffic Sols., Inc.*,
  668 F.3d 291 (5th Cir. 2012) ....................................................................4

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) (en banc) .......................................4, 5, 6, 11

*Hacienda Records, L.P. v. Ramos*,
  718 F.App'x 223 (5th Cir. 2018) .............................................................10

*Heaton v. Monogram Credit Card Bank*,
  297 F.3d 416 (5th Cir. 2002) ...................................................................11

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*,
  Case No. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005).................7, 10

*Indus. Tech. Research Inst. v. LG Elecs., Inc.*,
  Case No. 3:13-cv2016-GPC-WVG, 2014 U.S. Dist. LEXIS 148865
  (S.D. Cal. Oct. 15, 2014) ...........................................................................9

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
  C.A. No. 12-193-LPS et al., 2014 U.S. Dist. LEXIS 125280
  (D. Del. Sept. 8, 2014) ........................................................................8, 10

*John Doe No. 1 v. Glickman*,
  256 F.3d 371 (5th Cir. 2001) .....................................................................5

*Microsoft Corp. v. Commonwealth Scientific & Indus. Research Organisation*,
  No. 6:06-CV-549, 2007 WL 4376104 (E.D. Tex. Dec. 13, 2007) ..........7

*Newby v. Enron Corp.*,
  443 F.3d 416 (5th Cir. 2006) ................................................................4, 11

*Reid v. General Motors Corp.*,
  240 F.R.D. 257 (E.D. Tex. 2006).............................................................12

*Select Retrieval, LLC v. ABT Elecs.*,
  No. 11 C 03752, 2013 U.S. Dist. LEXIS 174442
  (N.D. Ill. Dec. 13, 2013) ...........................................................................9

# TABLE OF AUTHORITIES CONT.

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ...........................................................................................4, 6, 7

*Stauffer v. Brooks Brothers, Inc.*,
  619 F.3d 1321 (Fed. Cir. 2010)................................................................................................4

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  Civ. Action No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769
  (E.D. Tex. Dec. 7, 2017).......................................................................................................8, 9

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2015) .........................................................................................4, 5, 7, 10

*TiVo Inc. v. AT&T, Inc.*,
  C.A. No. 2:09-CV-259, 2010 U.S. Dist. LEXIS 146363
  (E.D. Tex. Mar. 31, 2010)........................................................................................................6

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  Civil No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649
  (E.D. Tex. May 10, 2010).....................................................................................................8, 11

*Uniloc 2017 LLC et al. v. AT&T, Inc. et al.*,
  Case No. 2-18-cv-00379 (E.D. Tex. Aug. 29, 2018).................................................................2

*Uniloc 2017 LLC v. Verizon Commc'ns Inc., et al.*,
  Case No. 2-12-cv-00513 (E.D. Tex. Nov. 29, 2018).................................................................2

**Other Authorities**

Fed. R. Civ. P. 24 ..........................................................................................................1-5, 10-12

Pursuant to Federal Rule of Civil Procedure 24, Ericsson Inc. ("Ericsson") moves for leave to intervene in the above-titled action.[1]  Ericsson seeks to intervene because it sells equipment to Defendants AT&T Mobility LLC and AT&T Services, Inc. (together, "AT&T") that Plaintiff Uniloc 2017 LLC ("Uniloc") alleges infringe a Uniloc patent.  As the designer and manufacturer of accused products, Ericsson has a substantial interest in the litigation and is in the best position to defend against certain of Uniloc's claims.  Ericsson's Motion is timely, and no existing party will suffer prejudice if Ericsson intervenes.  Moreover, Ericsson's intervention will not result in the case being delayed, and Ericsson will not move to transfer the case if this Motion is granted.

## I.    INTRODUCTION

In its complaint, Uniloc accuses AT&T of infringing three patents.  Uniloc alleges that one of those three patents is infringed through AT&T's use of cellular base stations that implement a 4G LTE feature called "LTE Licensed Assisted Access" ("LTE-LAA").  Ericsson sells base stations to AT&T that implement the accused LTE-LAA feature.

Ericsson moves to intervene as a matter of right.  As the designer and manufacturer of accused products, Ericsson is in the best position to defend those products against Uniloc's infringement allegations.  Ericsson has an interest in the litigation because the dispute's existence alone could negatively affect Ericsson's ability to sell its base station products to AT&T and other customers.

AT&T cannot adequately represent Ericsson's interests in this litigation because AT&T does not possess the same thorough understanding of Ericsson's products.  In addition, AT&T's defensive strategies may be divided between Ericsson's and other suppliers' products, which could

---

[1] Filed with this Motion is Ericsson's Answer in Intervention as well as a proposed order.

potentially lead to AT&T defending other suppliers' products in ways that are contrary to Ericsson's interests.

In the alternative, Ericsson respectfully requests permission to intervene under Rule 24(b). Permissive intervention is appropriate because Ericsson has claims that share questions of law or fact with AT&T. Ericsson's claims and defenses relate to the invalidity and noninfringement of one of the asserted patents, and therefore share questions of law and fact with Uniloc's claims and AT&T's defenses. Finally, because the case is in its earliest stages, Ericsson's intervention will not result in any case delay. In addition, Ericsson will not seek a transfer of the case to another venue if the Court grants this Motion.

## II.    FACTUAL BACKGROUND

### A.    The Nature and State of Proceedings

On August 29, 2018, Uniloc[2] sued AT&T for allegedly infringing three patents. *See Uniloc 2017 LLC et al. v. AT&T, Inc. et al.*, Case No. 2-18-cv-00379 (E.D. Tex. Aug. 29, 2018) (the "First Action"), DE 1. On October 23, 2018, Uniloc filed a voluntary notice to dismiss certain AT&T parties without prejudice.[3] On November 17, 2018, Uniloc brought the instant action against AT&T alleging infringement of the same three patents as in the First Action. DE 1 ("Complaint") ¶ 1.[4] The case remains in its early stages: the Court has not held a scheduling conference and discovery has not begun.[5]

---

[2] Uniloc Licensing USA LLC was also a plaintiff in the First Action.

[3] On November 19, 2018, the Court dismissed the First Action without prejudice. First Action, DE 17.

[4] On the same day, Uniloc brought other actions including *Uniloc 2017 LLC v. Verizon Commc'ns Inc., et al.*, Case No. 2-12-cv-00513 (E.D. Tex. Nov. 29, 2018) (hereinafter *Uniloc v. Verizon*). Ericsson is filing a motion to intervene in the *Uniloc v. Verizon* case on the same grounds as this Motion.

[5] A scheduling conference has been set for March 18, 2019. DE 15.

## B.     Uniloc Asserts Infringement of Accused Products That Are Designed, Manufactured, Marketed and Sold by Ericsson

The patents-in-suit concern unrelated subject matter: the claims of U.S. Patent No. 6,901,272 are directed to wireless remote control of devices; the claims of U.S. Patent No. 6,519,005 are directed to digital video encoding; and the claims of U.S. Patent No. 7,016,676 (the "'676 patent") are directed to using a controller to manage shared access to a radio channel between two different communications protocols.  Complaint, Exs. A-C.  Based upon Uniloc's complaint, only the allegations related to the '676 patent are relevant to this Motion or Ericsson's interests.

Uniloc appears to accuse any AT&T base station that uses the LTE-LAA feature (the "Accused Base Stations") of infringing the '676 patent.[6]  *See* Complaint ¶ 58 (identifying AT&T's "network, base stations, and network controllers . . . that provide shared network access to LTE-LAA and Wi-Fi capable devices over at least one common frequency band").  Ericsson designs, manufactures, markets and sells at least some base stations that use the LTE-LAA feature (the "Accused Ericsson Base Stations").  Declaration of Jacob W. S. Schneider filed herewith ("Schneider Decl.") ¶ 2.  Ericsson supplied AT&T with the Accused Ericsson Base Stations.  Schneider Decl. ¶ 3.

AT&T does not oppose Ericsson's Motion.  Schneider Decl. ¶ 4.  Uniloc has indicted that it wishes to review Ericsson's filed motion before deciding whether there is merit to opposing.  Schneider Decl. ¶ 5.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 24 permits a party to intervene either under Rule 24(a), when they have a right to do so, or under Rule 24(b), by permission of the court.  Fed. R. Civ. P.

---

[6] Ericsson believes that the scope of Uniloc's infringement allegations includes LTE-LAA-enabled base stations that AT&T may purchase from other suppliers, although Ericsson lacks information about those other suppliers' LTE-LAA-enabled base stations.

3

24.    A movant must be permitted to intervene when the four requirements of Fed. R. Civ. P.

24(a)(2) are met:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)).   Because the issue of intervention is not unique to patent law, Fifth Circuit law controls.   *See Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (denial of intervention reviewed under regional circuit's law).   Rule 24 is to be "liberally construed," under Fifth Circuit law.   *Texas*, 805 F.3d at 656-57 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)).   *See also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)) ("Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)) (internal quotation marks omitted)); *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (noting that intervention as of right "must be measured by a practical rather than technical yardstick.") (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc)) (internal quotation marks omitted).

Under Rule 24(b)(1)(B), the Court may permit a party to intervene if it has a claim or defense that shares a common question of law or fact with the main action.   Fed. R. Civ. P. 24(b)(1)(B).   "The decision to permit intervention under Rule 24(b)(2) requires a threshold determination that the applicant's claim or defense and the main action have a question of law or fact in common."   *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (quoting *Howse v. S/V "Canada Goose I"*, 641 F. 2d 317, 322 (5th Cir. 1981)) (internal quotation marks omitted).

## IV.     ARGUMENT

### A.     Ericsson Has a Right to Intervene Pursuant to Rule 24(a)(2)

Ericsson meets the four requirements to intervene as of right under Rule 24(a).  *See Texas*, 805 F.3d at 657.  Ericsson acted promptly in bringing this motion, and neither existing party will suffer prejudice if Ericsson intervenes.  As a manufacturer of products accused in the litigation, Ericsson has a unique interest in defending against infringement claims that, by their mere existence, could jeopardize its ability to provide those products to AT&T and other customers.  As the designer of products accused in the litigation, Ericsson is the party most knowledgeable regarding how those products function, which will be a central issue as the case progresses.  As a result, Ericsson has a right to intervene and defend its interests in this case.

### 1.     Ericsson's Motion to Intervene is Timely

Ericsson's motion is timely because it seeks to intervene at the very beginning of the litigation and no party to the suit will suffer prejudice should Ericsson intervene.  Timeliness is determined from all circumstances in a case, including the time elapsed between notice of the intervenor's interest in the case and the filing of the motion to intervene, the extent of prejudice to existing parties as a result of the motion, the extent of prejudice to the moving party if leave to intervene is denied and the existence of unusual circumstances militating either for or against a determination that the motion is timely.  *Edwards*, 78 F.3d at 1000 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977).  "A motion to intervene may still be timely even  if all the factors do not weigh in favor of a finding of timeliness."  *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).

First, Ericsson brings this Motion while the case is in its early stages: AT&T answered Uniloc's complaint on January 18, 2019, Uniloc filed an answer to AT&T's counterclaims on February 1, 2019, the Court has not held a scheduling conference and discovery has not begun.

5

*See* DE 10; *TiVo Inc. v. AT&T, Inc.*, C.A. No. 2:09-CV-259, 2010 U.S. Dist. LEXIS 146363, at *18 (E.D. Tex. Mar. 31, 2010) (a motion to intervene was timely where nearly five months elapsed between filing of complaint and motion to intervene); *Edwards*, 78 F.3d at 1001 ("[M]ost of [the Fifth Circuit's] case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation").  As a result, Ericsson's intervention will not delay the case.

Second, in part because Ericsson is seeking to intervene so early in the litigation, no party to the lawsuit will suffer prejudice if Ericsson intervenes.  *See Sierra Club*, 18 F.3d at 1205 ("The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.").  AT&T does not oppose Ericsson's Motion, and Uniloc wishes to review the filed motion before deciding whether to oppose.  Schneider Decl. ¶¶ 4-5.  Far from imposing any prejudice, Ericsson's presence in the lawsuit will streamline discovery regarding the Accused Ericsson Base Stations because Ericsson designed and manufactured those products.

Third, Ericsson will suffer prejudice if not allowed to intervene and defend the Accused Ericsson Base Stations against Uniloc's claims.  As discussed in Section IV.A.4 below, Ericsson is in the best position to defend its products because Ericsson designed and manufactured those products.  Ericsson likely possesses documentation and information relating to how the Accused Ericsson Base Stations function, which will be a central issue in the litigation.  In addition, there is the possibility that AT&T's defensive strategies would differ from Ericsson's.  Absent intervention, Ericsson would not have the opportunity to provide the best defense of its products.

Finally, Ericsson is unaware of any unusual circumstances militating against a determination that the motion is timely.  As discussed above, the circumstances of this case militate

in favor of a finding of timeliness.  Indeed, Ericsson's intervention will not negatively affect the case's progress.

### 2. Ericsson Has a Significant Interest in This Lawsuit

Ericsson has a "direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (quoting *Edwards*, 78 F.3d at 1004) (internal quotation marks omitted); *see also Sierra Club*, 18 F.3d at 1207 ("[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992) (internal quotation marks omitted)).  Ericsson's interest stems from its position as the designer and manufacturer of the Accused Ericsson Base Stations as well as the risk that the existence of Uniloc's allegations could negatively affect future sales of the Accused Ericsson Base Stations.

First, Courts have long recognized that manufacturers of accused products have a substantial interest in patent litigations against their customers.  *See Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, Case No. 04-1337-KAJ, 2005 WL 2465898, at *4 (D. Del. May 18, 2005) ("[Intervenor] has a sufficient interest in the litigation; indeed, as a manufacturer of the product component which is at the heart of these cases, it has a compelling interest.").  *C.f. Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (explaining the "customer suit exception" exists because a manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement"); *Microsoft Corp. v. Commonwealth Scientific & Indus. Research Organisation*, No. 6:06-CV-549, 2007 WL 4376104, at *2 (E.D. Tex. Dec. 13, 2007), *aff'd s ub nom Commonwealth Scientific & Indus. Research Organisation v. Toshiba Am. Info. Sys., Inc.*, 297 F. App'x 970 (Fed. Cir. 2008) ("Underlying the customer-suit doctrine is the preference that infringement determinations  should be made in suits involving the true defendant in the plaintiff's suit, i.e., the party that controls the product's design, rather than in suits involving

secondary parties, i.e. customers.    The guiding principles in the customer suit exception cases are efficiency and judicial economy.") (citation omitted).  Uniloc has brought infringement claims against AT&T's use of products that Ericsson designed and manufactured.  As a result, Ericsson has a strong interest in defending those claims.

Second, Ericsson has an interest in protecting ongoing sales of the Accused Ericsson Base Stations.  *See, e.g., Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, Civ. Action No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *13 (E.D. Tex. Dec. 7, 2017) (finding an intervening manufacturer had an interest in "the ongoing sale and distribution of their products [which] is put at risk by [the Plaintiff's] allegations of infringement."); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS et al., 2014 U.S. Dist. LEXIS 125280, at *13 (D. Del. Sept. 8, 2014) (finding that an intervening manufacturer had an "interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs accuse these products of infringement.").  The existence of the litigation could negatively affect Ericsson's sales of the Accused Ericsson Base Stations not only to AT&T, but also to other customers.  *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civil No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *13 (E.D. Tex. May 10, 2010) ("a manufacturer such as [the Intervenor] faces the loss of its customer base and reputation as a result of patent infringement allegations.").  Accordingly, Ericsson's interest in its ability to sell the Accused Ericsson Base Stations warrants intervention as of right.

### 3.    Disposition of this Action May Impair Ericsson's Ability to Protect Its Interests

If Ericsson cannot intervene in this action, disposition of this action may impair Ericsson's ability to protect and defend its interests.    Without intervention, Ericsson cannot safeguard

prospective sales of the Accused Ericsson Base Stations or avoid the possibility of future, inconsistent judgments.

First, absent intervention Ericsson will not be able to protect its interest in prospective sales of the Accused Ericsson Base Stations. *See Indus. Tech. Research Inst. v. LG Elecs., Inc.*, Case No. 3:13-cv2016-GPC-WVG, 2014 U.S. Dist. LEXIS 148865, at *11 (S.D. Cal. Oct. 15, 2014) (finding that "[the intervening manufacturer] may be unable to sell [the accused product] to U.S. customers if Plaintiff were to succeed in this litigation," which may "adversely impair [intervenor's] significantly protectable interest"). Although an adverse judgment would not have preclusive effect, it could undermine the confidence that other customers have in the Accused Ericsson Base Stations and more generally in Ericsson products. *Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, at *5 ("[A]dverse rulings could impact each proposed intervenor's relationships with other retail customers.").

Second, Ericsson seeks to intervene to protect itself from the threat of inconsistent judgments in future lawsuits against other customers. *See Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 U.S. Dist. LEXIS 174442, at *8 (N.D. Ill. Dec. 13, 2013) (finding intervention of right supported by fact that intervenor's other customers were not subject to the preclusive effects of the lawsuit, and "[Intervenor] (through its customers) would be subject to potentially inconsistent judgments regarding whether its technology infringes the patent," and intervenor's "ability to defend its technology could be compromised"). Should Uniloc bring similar claims against Ericsson's other customers in the future, any findings in the instant action would not have preclusive effect. *Id*. Intervention provides Ericsson with the opportunity to definitively litigate the allegations against the Accused Ericsson Base Stations and to use collateral estoppel to defend its interests from the "repetitious litigation of what is essentially the same

9

dispute." *Hacienda Records, L.P. v. Ramos*, 718 F.App'x 223, 228 (5th Cir. 2018) (quoting Restatement (Second) of Judgments § 27, cmt. C. (1982)) (internal quotation marks omitted).[7] As a result, the disposition of this action may impair Ericsson's ability to protect its interests if it cannot intervene.

### 4.    AT&T Cannot Adequately Represent Ericsson's Interests

AT&T cannot adequately represent Ericsson's interests because AT&T is not as "well-situated to understand and defend [Ericsson's] products" as is Ericsson. *Intellectual Ventures*, 2014 U.S. Dist. LEXIS 125280, at *13-14. In the Fifth Circuit, in order to satisfy the "inadequate representation" requirement of Rule 24(a)(2), Ericsson must merely demonstrate that its interests "may be" inadequately represented by the existing parties. *Texas*, 805 F.3d at 661. Although Ericsson bears the burden to establish inadequate representation, that burden is minimal. *Id.*

First, Ericsson and its employees – not AT&T – possess the most substantial knowledge regarding the Accused Ericsson Base Stations' design and function. *Honeywell*, 2005 WL 2465898 at *4 (Intervenor "is uniquely situated to understand and defend its own product."). Ericsson also likely possesses documents related to the design and function of the Accused Ericsson Base Stations. As a result, Ericsson is better suited to defend the Accused Ericsson Base Stations than is AT&T.

Second, although AT&T will defend against Uniloc's allegations, Ericsson's strategy to protect the Accused Ericsson Base Stations from a finding of infringement could diverge from AT&T's. Other suppliers may have also sold Accused Base Stations to AT&T. AT&T's defense of the infringement claims may be inadequate to protect Ericsson's interests to the extent that

---

[7] The availability of collateral estoppel also advances the Court's interest in "conserving judicial resources, maintaining consistency, and avoiding oppression or harassment of the adverse party." *Hacienda Records*, 718 F.App'x 223 at 228 (quoting Restatement (Second) of Judgments § 27, cmt. C. (1982)) (internal quotation marks omitted).

AT&T takes defensive positions with regard to other suppliers' base stations that differ from or harm defensive positions regarding Ericsson's base stations.  *See Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 425 (5th Cir. 2002) ("That the [intervenor]'s interests and [the Defendant]'s may diverge in the future, even though, at this moment, they appear to share common ground, is enough to meet the [intervenor]'s burden on this issue.").  As a result, Ericsson is best suited, and most motivated, to defend its interests from Uniloc's claims.

Because Ericsson satisfies the Fifth Circuit's four-part test for interventions of right under Rule 24(a), the Court should grant Ericsson's Motion as a matter of right.  *See Edwards*, 78 F.3d at 1000.

### B.    In the Alternative, Ericsson Should Be Permitted to Intervene

As discussed above, because Ericsson has met all four requirements of Fed. R. Civ. P. 24(a), Ericsson may intervene as a matter of right.   In the alternative, however, Ericsson respectfully requests the Court's permission to intervene under Federal Rule 24(b).  Rule 24(b) permits intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Permissive intervention presents a lower bar than intervention as a matter of right, and does not require that the intervenor even "have a direct personal or pecuniary interest in the subject of the litigation."  *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006) (quoting *Sec. and Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)).

Permissive intervention would be appropriate in this case because Uniloc's infringement allegations are in part directed to the Accused Ericsson Base Stations.  As a result, the Court could potentially determine common issues of preclusion, claim construction, non-infringement, invalidity and other matters that bear directly on Ericsson's interests as well as AT&T's.  *See, e.g.*, *U.S. Ethernet*, 2010 U.S. Dist. LEXIS 150649, at \*12 (granting permissive intervention where

intervenor shared common questions of law and fact and similar defenses as named defendant); *Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting intervention where intervenor's claims of non-infringement, invalidity and unenforceability shared common questions of law and fact as those of its customers who were the named defendants).  As noted above in Section IV.A.1, at this early stage in the litigation, there will be no prejudice to either Uniloc or AT&T if Ericsson is permitted to intervene.  Finally, Ericsson's intervention will not result in any delay in the case.

## V.    CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court permit Ericsson to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Dated: March 8, 2019

Respectfully Submitted,

*/s/      Jacob K. Baron*
Joshua C. Krumholz, Esq.
(LEAD COUNSEL)
(*Pro hac vice* application
forthcoming)
MA Bar No.: 552573
Email: joshua.krumholz@hklaw.com
Jacob K. Baron, Esq.
MA Bar No.: 652568
Email: jacob.baron@hklaw.com
Jacob W. S. Schneider, Esq.
(*Pro hac vice* application
forthcoming)
MA Bar No.: 675315
Email: jacob.schneider@hklaw.com
Rabi Fiotto, Esq.
(*Pro hac vice* application
forthcoming)
MA Bar No.: 699571
Email: rabi.fiotto@hklaw.com
HOLLAND & KNIGHT LLP
10 Saint James Avenue; 11th Floor
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-6850

*Attorneys for Ericsson Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies: (1) that counsel has complied with the meet-and-confer requirement in LOCAL RULE CV-7(h); and (2) that Defendants AT&T Mobility LLC and AT&T Services, Inc. do not oppose this Motion, but Plaintiff Uniloc 2017 LLC has indicated that it wishes to review Ericsson's filed motion before deciding whether there is merit to opposing.  Jacob W. S. Schneider, counsel for Ericsson, met-and-conferred telephonically with M. Elizabeth Day, counsel for Uniloc 2017 LLC on March 5, 2019.

*/s/     Jacob K. Baron*
Jacob K. Baron, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **8th day of March, 2019**, I caused the foregoing Motion to Intervene as a Defendant to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

*/s/     Jacob K. Baron*
Jacob K. Baron, Esq.

#62506014_