**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00514 |
| | § | Jury Trial Demanded |
| AT&T SERVICES, INC. and AT&T | § | |
| MOBILITY LLC, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| ERICSSON INC., | § | |
| | § | |
| Intervenor Defendant. | § | |
| | § | |

## INTERVENOR ERICSSON INC.'S ANSWER IN INTERVENTION

Intervenor Ericsson Inc. ("Ericsson"), by and through its undersigned counsel, hereby submits the following Answer in Intervention to the November 17, 2018 Complaint (DE 1) ("Complaint") of Plaintiff Uniloc 2017 LLC ("Uniloc"):

## SCOPE OF ERICSSON'S ANSWER IN INTERVENTION

Ericsson's intervention in this case is limited to defending claims arising from AT&T Services, Inc. and AT&T Mobility LLC's (collectively, "AT&T") use of Ericsson products. To the extent a response is required to allegations outside of this scope, Ericsson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Ericsson's use of headings in this Answer in Intervention is for convenience only and are not admissions as to any of Uniloc's allegations in the Complaint.

## **ANSWER IN INTERVENTION**

## **NATURE OF THE ACTION**

1.      Ericsson admits that Uniloc purports to allege in the Complaint that AT&T has infringed U.S. Patents Nos. 6,901,272 (the "'272 patent), 6,519,005 (the "'005 patent) and 7,016,676 (the "'676 patent) (collectively, the "Patents-in-Suit").  Ericsson admits that Exhibits A-C of the Complaint appear to be accurate reproductions of the Patents-in-Suit.

2.      Ericsson admits that Uniloc purports to allege in the Complaint that AT&T has infringed the Patents-in-Suit by importing, making, offering for sale, selling and operating certain applications and devices.  Ericsson admits that Uniloc purports to seek damages and other relief in the Complaint.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of this Paragraph and therefore denies them.

## **THE PARTIES**

3.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

4.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

5.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

6.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

7.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## JURISDICTION AND VENUE

8.      This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the '676 patent through AT&T's use of Ericsson products.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

9.      Ericsson denies that AT&T has infringed the '676 patent through AT&T's use of Ericsson products.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

10.      Ericsson denies that AT&T has infringed the '676 patent through AT&T's use of Ericsson products.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,901,272

11.      Ericsson incorporates by reference each response contained in paragraphs 1 through 10 of this Answer in Intervention as though fully set forth herein.

12.      Ericsson admits that Exhibit A of the Complaint appears to be an accurate reproduction of the '272 patent.  Ericsson admits to the allegations made in the remainder of this Paragraph.

13.      This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, denied.

3

14.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

15.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

16.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

17.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

18.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

19.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

20.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

21.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

22.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

23.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

24.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

25.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

26.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

27.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

28.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

29.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

30.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,519,005

31.     Ericsson incorporates by reference each response contained in paragraphs 1 through 10 of this Answer in Intervention as though fully set forth herein.

32.     Ericsson admits that Exhibit B of the Complaint appears to be an accurate reproduction of the '005 patent.  Ericsson admits to the allegations made in the remainder of this Paragraph.

33.     This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, denied.

34.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

35.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

36.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

37.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

38.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

39.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

40.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

41.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

42.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

43.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

44.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

45.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

46.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

47.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

48.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

49.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

50.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

51.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,016,676

52.     Ericsson incorporates by reference each response contained in paragraphs 1 through 10 of this Answer in Intervention as though fully set forth herein.

53.     Ericsson admits that Exhibit C of the Complaint appears to be an accurate reproduction of the '676 patent.  Ericsson admits to the allegations made in the remainder of this Paragraph.

54.     This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, denied.

55.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

56.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

57.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

58.     Ericsson admits that it provides to AT&T base stations that can be configured to communicate with LTE-LAA-enabled devices over an unlicensed frequency band ("Ericsson LTE-LAA Base Stations").  Ericsson denies the remaining allegations set forth in this Paragraph.

59.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

60.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

61.     Ericsson admits that the Ericsson LTE-LAA Base Stations communicate with smartphones.  Ericsson further admits that certain of those smartphones are capable of communicating with other devices via the LTE-LAA and Wi-Fi protocols.  Ericsson denies that the Ericsson LTE-LAA Base Stations communicate with any devices using the Wi-Fi protocol.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

62.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

63.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

64.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

65.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

66.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

67.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

68.     Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

69.    Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

70.    Denied with respect to Ericsson LTE-LAA Base Stations.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

## DEFENSES

### First Defense

Each purported claim for relief fails to state a claim upon which relief can be granted.

### Second Defense

Ericsson has not infringed, and does not infringe (literally, under the doctrine of equivalents, directly, indirectly, contributorily, or by inducement) any valid, enforceable claim of the '676 patent.

### Third Defense

Uniloc's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286, 287 and 288.

### Fourth Defense

Uniloc's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

### Fifth Defense

Ericsson has not willfully infringed any claim of the '676 patent.

### Sixth Defense

Uniloc is not entitled to injunctive relief at least because any injury Uniloc has sustained is not immediate or irreparable, and if Uniloc were to prevail on its cause of action for any claim, it has an adequate remedy at law.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Ericsson asserts the following defenses, which are based upon an investigation that is not complete and is prior to the results of any discovery from Uniloc.  Ericsson's investigation of its defenses is continuing, and Ericsson reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### First Affirmative Defense

The claims of the '676 patent are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including without limitation §§ 101, 102, 103, and/or 112 thereof.

### Second Affirmative Defense

Uniloc's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, waiver, acquiescence, and any other applicable equitable doctrine.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Ericsson Inc. demands a trial by jury on all issues so triable.

Dated:  March 8, 2019

Respectfully Submitted,

*/s/ Jacob K. Baron*

Joshua C. Krumholz, Esq.
(LEAD COUNSEL)
MA Bar No.: 552573
Email: joshua.krumholz@hklaw.com
(*pro hac vice* application forthcoming)
Jacob K. Baron, Esq.
MA Bar No.: 652568
Email: jacob.baron@hklaw.com
Jacob W. S. Schneider, Esq.
MA Bar No.: 675315
Email: jacob.schneider@hklaw.com
(*pro hac vice* application forthcoming)
Rabi Fiotto, Esq.
MA Bar No.: 699571
Email: rabi.fiotto@hklaw.com
(*pro hac vice* application forthcoming)
HOLLAND & KNIGHT LLP
10 Saint James Avenue; 11th Floor
Boston, MA  02116
Telephone:   (617)523-2700
Facsimile:   (617)523-6850

*Attorneys for Ericsson Inc.*

12

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **8th day of March, 2019**, I caused the foregoing Answer in Intervention to be electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

*/s/    Jacob K. Baron*
Jacob K. Baron, Esq.